THE BANK OF MONTREAL ET AL. V. THE J. E. POTTS SALT & LUMBER COMPANY.    IN THE MATTER OF THE PETITION OF ALBERT C. BECKEN.

*Novation—Claim against insolvent estate.*

A transaction by which a vendor accepts a draft drawn on a corporation in payment for watches sold to its employés, which the corporation accepts, payable at a future date, and charges each employé with the price of his watch, all with the consent of all of the parties, destroys, to that extent, the relation of debtor and creditor between the corporation and the employés, and creates that relation between the corporation and the payee, and thereby effects a complete novation.

Appeal from Wayne.    (Hosmer, J.)    Submitted on briefs October 14, 1892.    Decided October 27, 1892.

Petition for allowance of claim against the estate of an insolvent corporation, under Act No. 94, Laws of 1887. Petitioner appeals from an order denying the claim. Order affirmed.    The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for appellant.

*Alfred Lucking,* for the receivers.

MONTGOMERY, J. The appellant filed a petition in the circuit court in chancery of Wayne county, representing that in August, 1890, he sold watches to the men employed in defendant's camp, and received in payment therefor a draft on defendant, in which petitioner's agent was named as payee, which draft read in substance:

"Pay *W. A. Fulton,* or order, for *orders* days' labor at *Memo. on back* per month, which above payee herewith accepts as below in full settlement to date.

"Amount _____ $441 02
"Less camp account _____

"Balance due _____ $441 02"

—And signed by A. J. Potts, foreman of defendant. The draft was indorsed, "Payable December 11, 1890," and on the back of this draft was also indorsed the names of the men whose accounts were drawn against to the amount charged to each.

On presentation of this order, the lumber company indorsed the draft: "Accepted. Payable on 1st or 4th of January, 1891. J. E. POTTS S. & L. Co."

The petition alleges that the total amount of said draft was deducted from the wages due or to become due to its employés named on the back of the order, and that the deduction from the wages was charged against the account of the men on the books of the company. The petition further avers that by this transaction the petitioner became and was the assignee of the laborers in and to the sums of money mentioned, and that, as such assignee, he is entitled to all the rights of such laborers to have the claims declared a preference, and paid out of the proceeds of the lumber company's estate; that the estate is insolvent; and the prayer is that the petitioner's claim be made a preferred claim.

The answer denies that the petitioner is assignee of the

claims of the employés, and alleges that there was a nova-
tion accomplished by the transaction by which the defend-
ant lumber company assumed and agreed to pay the debts
of said employés to the petitioner, whereby the debts of
said defendant to said employés and the debts of said
employés to said petitioner were liquidated and discharged.

The matter was heard and disposed of on the petition
and answer, the circuit judge denying the prayer of the
petitioner.

This ruling was correct. If it be regarded as an open
question of fact as to whether there was a novation, the
answer, not being controverted by proofs, was conclusive;
but, as a matter of law upon the facts stated in the peti-
tion, there was a complete novation. The petition shows
that the draft was accepted by petitioner as payment, and
that the company accepted the draft, and charged the
amount to its several employés. There was no longer the
relation of debtor and creditor between the laborers and
the defendant, and the acceptance did create that relation
between the payee and the company.

The petitioner relies upon the case of *Carley v. Graves,*
85 Mich. 483, as authority in support of his position, but
that case presented a very different state of facts. The
case was decided on the ground that the fund withheld
was a trust fund, left on deposit for the claimant, and
that the relation of debtor and creditor never existed
between the defendant and the claimant. In the present
case the petition avers, in legal effect, that the debt from
the laborers to the petitioner was discharged. The peti-
tion recites that the draft was accepted in payment for
watches sold to men in the employ of the defendant. No
trust fund was left on deposit with defendant for petitioner,
but, on the contrary, a term of credit was extended by
accepting the draft payable January 4.

The order appealed from will be affirmed, with costs to the appellee.

The other Justices concurred.