[Civ. No. 1512.   First Appellate District.—January 12, 1916.]

SPRAGUE CANNING MACHINERY COMPANY (a Corporation), Respondent, v. WESTERN RANCHING CORPORATION, Appellant.

ORDER FOR PAYMENT OF MONEY—EVIDENCE—CONSTRUCTION OF INSTRUMENT.—In this action to recover upon a written order calling for the payment of various sums of money upon different dates; which was drawn upon the defendant by a sales agent employed by it to make disposition of certain lands, and which was accepted by the plaintiff in payment of certain advances made by it to such agent to make such sales, it is held that, in the light of the evidence, the dates set after the several installments which were to be paid by the terms of the accepted order referred, not to the times when commissions would be due and payable to such agent from the defendant, but that they referred to the dates whereon the several sums set before them would be due and payable by the defendant to the plaintiff without respect to when or whether any particular amount of commissions was then earned or payable.

ID.—EFFECT OF ORDER—NOVATION.—It is also held that on the date of the drawing and acceptance of the order a novation was agreed to and accomplished between the parties thereto, and that whatever contingencies there might be as to the amount of commissions then or thereafter to be chargeable to the defendant as between itself and such agent, were assumed by the defendant, and were not to affect or qualify the terms of its said acceptance or the amounts to become due the plaintiff thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

T. T. C. Gregory, Theodore W. Chester, and Thomas A. Allan, for Appellant.

Dan Hadsell, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor and from an order denying a new trial. There is also an appeal from an order of the trial court denying defendant's motion made under section 663 of the Code of Civil Procedure to vacate the judgment and enter a judgment in favor of the defendant upon the findings.

As to the latter appeal, the respondent urges that it must be denied, for the reason that the defendant's motion for another judgment under said section of the code was made after it had taken and perfected its appeal from the judgment, and had thereby removed the cause from the jurisdiction of the trial court for every other purpose than that of the hearing and determination of a motion for a new trial; in other words, that the defendant, by first taking its appeal from the judgment, had deprived itself of recourse to the remedy provided by section 663 of the Code of Civil Procedure.  The conclusions we have reached respecting the merits of the case render unnecessary a decision of this question at the present time.

The action is one brought to recover the sum of eight hundred dollars alleged to be payable and unpaid upon a certain order which was in words and figures as follows:

"Chicago, 2/17/11.

"Western Ranching Corporation,
    "Chicago, Ill.

"Gentlemen:

"Please pay to the Sprague Canning Machinery Co. commissions due me as follows:

|        |        |     |      |
| ------ | ------ | --- | ---- |
| 100.00 | March  | 15, | 1911 |
| 100.00 | April  | 15, | "    |
| 200.00 | May    | 15, | "    |
| 200.00 | June   | 15, | "    |
| 100.00 | July   | 15, | "    |
| 100.00 | Aug.   | 15, | "    |
| 200.00 | Sept.  | 15, | "    |
| 100.00 | Oct.   | 15, | "    |
| 100.00 | Nov.   | 15, | "    |
| 100.00 | DEC.   | 15, | "    |
| 700.00 | Jany.  | 15, | 1912 |

and charge same to my account.

"W. J. LATCHFORD."

which said order was accepted by the defendant at the time it was drawn and as a part of the transaction.

The first contention of the appellant is that its general and special demurrer to the complaint herein should have been sustained for the reason that it is nowhere alleged in said complaint that the commissions to be paid to said W. J. Latchford by the defendant, and upon the basis of which this order was given and accepted, ever became due or payable from the defendant to Latchford, and that in the absence of such averment the complaint does not state a cause of action. The decision of this point, however, depends upon the construction to be placed upon the terms of the above order in the light of the facts of the case. These, as developed by the evidence and found by the court, are substantially as follows: It appears that about the middle of the year 1910 the defendant, being desirous of employing W. J. Latchford to act as its sale agent upon commissions in the disposition of certain lands, went, through its president, to the plaintiff and suggested that the latter make advances to Latchford of the moneys necessary for him to go ahead with this work, at the rate of $250 a month for an indefinite period. Acting upon the assurance of the president of the defendant that the risk would be nominal and the returns

certain, the plaintiff made the suggested advances to Latchford for some time and until they had aggregated a sum in excess of two thousand dollars. Receiving no return the plaintiff, through its president, Mr. Trench, and its secretary, Mr. Babcock, had a meeting with Mr. Latchford and with Mr. Crane, president of the defendant, at which it was stated by Latchford and acquiesced in by Crane that the defendant owed Latchford several thousand dollars in commissions, upon which the officers of the plaintiff demanded a present settlement of its advances, and were insistent that its account with Latchford be then and there closed up and settled in cash, but when Mr. Crane said that his company could not pay cash at that time but would be able to make installment payments, the order above set forth was suggested and drawn, the president of the plaintiff stating that "if the Western Ranching Company will accept this draft on them for the amount stated to be paid on the dates mentioned it will serve the purpose of the Sprague Canning Company as well as cash, and enable us to dismiss W. J. Latchford's account on our books." The defendant's president, Mr. Crane, indorsed its acceptance upon the order, and apparently acquiesced in the above statement as to its purpose and effect, which being done the plaintiff at once credited the account of W. J. Latchford upon its books with the sum of two thousand dollars, and charged the defendant as its debtor with said sum.

The court found in substance the foregoing facts, and also found substantially, although not in express words, that a novation was thereby and then and there accomplished by which the plaintiff accepted the defendant as its debtor in the place and stead of Latchford, and released the latter from further liability for said advances. The evidence in the case sufficiently sustains these findings, although it also discloses, and the court found, that after the making and acceptance of the order difficulties arose between Latchford and the defendant, as a result of which only a comparatively small amount of commissions ever became due from the defendant to Latchford, and hence, as the defendant claims, only the sum of $68 became due and payable by the defendant to the plaintiff upon the aforesaid order.

From the foregoing statement of the facts as developed by the evidence and found by the court, two conclusions are

to be drawn which are determinative of every material point in the case : The first is that as to the dates set after the several installments which are to be paid by the terms of the accepted order, those refer not to the times when commissions would be due and payable from the defendant to Latchford, but they refer to the dates whereon the several sums set before them will be due and payable by the defendant to the plaintiff without respect to when or whether any particular amount of commissions was earned or payable. This being so, it was not necessary for the plaintiff to make any averment in its complaint with respect to whether any such commissions had become due or payable at the time this suit was brought. All that it had to aver was that the sums due to it by the terms and at the times specified in said order were unpaid. The defendant's demurrer was properly overruled.

The next conclusion to be drawn from the findings of the court is that on the date of the drawing and acceptance of the order in question a novation was agreed to and accomplished between the parties thereto, and that whatever contingencies there might be as to the amount of commissions then or thereafter to be chargeable to the defendant as between itself and Latchford, were assumed by the defendant and were not to affect or qualify the terms of its said acceptance or the amounts to become due the plaintiff thereon. So far as the latter was concerned, the transaction which took form and expression in this order was the equivalent of a cash transaction, and was to serve as a reimbursement to it of the sums of money advanced to Latchford at the defendant's suggestion and for the mutual benefit of them both.

The authorities fully sustain the legal conclusion that the facts as shown in the evidence and found by the court were sufficient to create and constitute a novation between the parties within the meaning and intent of the code. (Civ. Code, sec. 1530; *Bank of Yolo* v. *Bank of Woodland,* 3 Cal. App. 561, [86 Pac. 820] ; *Bank of Montreal* v. *Potts,* 93 Mich. 342, 53 N. W. 522].)

From these views it follows that the findings of the court— which the evidence in the case supports in their turn—sustain the judgment; that the motion of the defendant for another and different judgment under section 663 of the Code

of Civil Procedure was therefore properly denied; and that the order of the court denying the same, and also the judgment and order denying a new trial, should be and they are hereby affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 11, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 9, 1916.